# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHS 2016-1 BORROWER, LLC,

           Plaintiff,

v.                                   1:17-cv-1226-WSD

ROSE ANDERSON,

           Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation ("R&R") [2], which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia.

**I.  BACKGROUND**

On February 21, 2017, Plaintiff CSH 2016-1 Borrower, LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Rose Anderson ("Defendant") in the Magistrate Court of Gwinnett County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

On April 5, 2017, Defendant, proceeding *pro se*, removed the Gwinnett County action to this Court by filing her Notice of Removal and an application to

---

[1] No. 17M05817.

proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject matter jurisdiction because there is in this case a question of federal law. Defendant claims in her Petition for Removal of Action that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Due Process Clause of the Fourteenth Amendment. (Notice of Removal [1.2] at 2).

On April 14, 2017, Magistrate Judge Salinas granted Defendant's application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction. The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Gwinnett County. The Magistrate Judge found that Plaintiff's Complaint asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air

Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The Court finds that Plaintiff's Complaint does not present a federal question.

The Court also lacks diversity jurisdiction over this action. Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, the record does not show the citizenship of the parties, and, even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action. "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 20th day of June, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE